# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

No. 13-20431
Summary Calendar

November 14, 2014

Lyle W. Cayce
Clerk

CHARLES WILSON; JAMES ATKINS; DANNY ELLIS; CHARLES RUSHING; JOSE CEVERA; JUAN FUENTES; JOHN WALSH; JOSEPH COUNCIL; DARREN GROOM; ABEL ADAME; LAWRENCE SIMON; FERNANDO THOMPSON; MICHAEL SMITH; JAMES JACKSON; GARY VINES; ALFRED VILLEGAS; DONNIE BUNN; LARRY LANZONE; RONALD MITCHELL; RAYMOND SCOTT,

Plaintiffs-Appellants

v.

OFFICE OF VIOLENT SEX OFFENDER MANAGEMENT; EXECUTIVE DIRECTOR ALLISON TAYLOR, in her Official and Individual capacities; LISA WORRY, Program Administrator, in her Official and Individual Capacities; DEBORAH MORGAN, in her Official and Individual Capacities; PROGRAM SPECIALIST ALICE JAUREGUI, in her Official and Individual Capacities; PONDRAY MATHIS, in his Official and Individual Capacities; BILLY BARNES, in his Official and Individual Capacities; PROGRAM SPECIALIST CHRISTIAN SMITH, in his Official and Individual Capacities; PROGRAM SPECIALIST BARBARA MACNAIR, in her Official and Individual Capacities; PROGRAM SPECIALIST HOLLY WHITE, in her Official and Individual Capacities; MICHAEL WODKINS, Contract Treatment Provider, in his Official and Individual Capacity; DEBRA REED, Contract Treatment Provider, in her Official and Individual Capacity; DR. NICHOLAS EDD, Contract Treatment Provider, in his Official and Individual Capacity; SUSAN POCASANGRE, Contract Treatment Provider, in her Official and Individual Capacity; ERIC PIERSON, Southeast Texas Transitional Center, Facility Director, in his Official and Individual Capacity; SOUTHEAST TEXAS TRANSITIONAL CENTER,

Defendants-Appellees

No. 13-20431

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CV-1392

---

Before DAVIS, CLEMENT and COSTA, Circuit Judges.

PER CURIAM:[*]

The appellants, who are civilly committed as sexually violent predators (SVPs) under the Texas Health and Safety Code Chapter 841, appeal the district court's denial of their joint motion for a preliminary injunction prohibiting their prosecution for violations of their civil commitment conditions pursuant to Texas Health and Safety Code § 841.085 while they are required to reside in residential treatment facilities. They argue that there is substantial likelihood of success on the merits because the application of § 841.085 to violations of their civil commitment conditions while they are confined in residential treatment facilities is unconstitutionally punitive, violates their substantive due process rights, and is contrary to Texas Health and Safety Code Chapter 841 and to *In re Commitment of Fisher*, 164 S.W.3d 637, 646-56 (Tex. 2005). They argue that application of § 841.085 subjects them to a substantial threat of irreparable harm because they may be prosecuted and may receive enhanced sentences of 25 years to life imprisonment due to their prior felony convictions.

The district court's denial of a motion for a preliminary injunction is an immediately appealable interlocutory order, and this court has jurisdiction over such an appeal. *See Byrum v. Landreth*, 566 F.3d 442, 444 (5th Cir. 2009);

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

28 U.S.C. § 1292(a)(1).  A movant is entitled to the "extraordinary remedy" of a preliminary injunction only if he establishes

> (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest.

*Byrum*, 566 F.3d at 445 (citation omitted).  "[T]he ultimate decision whether to grant or deny a preliminary injunction is reviewed only for abuse of discretion." *Id.* (internal quotation marks and citation omitted).  However, "a decision grounded in erroneous legal principles is reviewed de novo," as is a preliminary injunction that "turns on a mixed question of law and fact."  *Id.*

The district court did not abuse its discretion in denying the appellants' motion because they have not shown that they met the above requirements for obtaining a preliminary injunction.  *See Byrum*, 566 F.3d at 445.  They have not shown that they have a substantial likelihood of success on the merits because they have cited no legal authority that directly supports their argument that they may not be prosecuted for violations of their civil commitment conditions under § 841.085 while they are required to reside in residential treatment facilities.  Their reliance on *Fisher* is misplaced as it did not address the issue whether they may be criminally prosecuted for violations of their civil commitment conditions.  *Fisher* was also decided prior to the 2005 amendment which added the requirement that SVPs reside in residential treatment facilities.  *See Fisher*, 164 S.W.3d at 647; *see* "In the Shadowlands: Fisher and the Outpatient Civil Commitment of Sexually Violent Predators in Texas," 13 TEX. WESLEYAN. L. REV. 175, 210 (Fall 2006) (citing Act 2005, 79th Leg., Ch. 849, Sec. 7(1), effective September 1, 2005).  The appellants have also failed to show a substantial threat of irreparable injury if the injunction is not

issued. *See Byrum*, 566 F.3d at 445. The threatened harm is speculative as they will face prosecution under § 841.085 only if they violate their civil commitment conditions. *See United States v. Emerson*, 270 F.3d 203, 261-62 (5th Cir. 2001). Because the appellants must show that they have satisfied all four requirements to obtain a preliminary injunction, we will not consider whether they have satisfied the other requirements. *See Byrum*, 566 F.3d at 445; *Enterprise Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985). The appellants' motion to expedite the appeal is denied.

AFFIRMED; MOTION DENIED.